case. If the attorneys will approach the podium, please. Good morning to both of you. You have approximately 15 to 20 minutes to present your argument. We don't watch the clock. So basically in this division, you can have as much time as you want. All that we ask is that you don't repeat yourself and that you realize that we have read the briefs and we've read the pertinent cases that you had in your brief. So with that, how much time do you think each one of you will need? Fifteen minutes and reserve a couple for rebuttal. What is your name, ma'am? Kristin Mueller, Assistant Attorney. Assistant State's Attorney Stacia Weber on behalf of the people of the state of Illinois. I also anticipate about 15 minutes. Okay, very good. Okay. Whenever you're ready. Good morning, Your Honors. Good morning. Kristin Mueller, Assistant Appellate Defender on behalf of the people of the state of Illinois. I have several issues before the court. As you know, I would like to focus on the first issue, but of course I will address any issues the court wishes. Mr. Weems was convicted of four counts of aggravated unlawful use of a weapon, all of which require proof beyond a reasonable doubt that Weems was not on his own land in his own abode or at his own fixed place of business when possessing a firearm. The state's case relied solely on the testimony of Sergeant Sanchez, that he believed some other unnamed officers determined that Weems did not possess a firearm. That, and that he did not live at the house where this incident occurred. So the question in this case becomes whether Sanchez's belief about what these other officers may have determined amounts to proof beyond a reasonable doubt. Was that information available to defense counsel that these other officers had this information? The record does not reflect that, Your Honor. But what was presented at trial is simply that Sanchez testified he believed these other officers determined. He didn't say how the weapon might have been used. So the bookings statement was not in the record? No, Your Honor. No, he didn't testify to any booking statements. In fact, according to his testimony, he wasn't even an officer that arrested Weems, that was two other officers. He said that Weems did not make any statements to him personally, and he was unaware of any statements that Weems made to any other officers. In People v. Hayes, the court considered similar testimony. There, the defendant was found in an alley behind his detached garage with a gun, and the police officer testified that he thought the alley was open to the public. The court there reversed and found that the police officer's testimony about his thought simply was not proof beyond a reasonable doubt. Sanchez's testimony about his belief is similar to the police officer's testimony about his thought in Hayes. Hayes is unrebutted by this statement's brief, and it simply indicates that the state's case against Mr. Weems did not amount to proof beyond a reasonable doubt, which is a standard that requires the trier of fact to reach a state of near certitude. This belief is just too vague to rise to the level of near certitude. Especially in light of the defense witness's testimony, Dwayne Billingsley actually lived at the house his mother owned the house, and he testified that Weems lived with him at the time of the offense and through the following December or January. But isn't it a fact that the trial court found that he didn't believe Billingsley, and the trial court makes determinations with respect to the credibility of the witnesses, correct? It's true, Your Honor. The trial court does make the determinations on credibility, but this court does not have to follow those that are unreasonable in light of the facts. So you're saying that that finding is against the manifesto of the evidence, that his belief, that the trial court's belief that Billingsley was not as credible as the police officer? Yes, Your Honor. I do believe that the evidence would be, the defense witnesses were more credible in that they actually corroborated each other, they actually provided details, and the state's witness, Sergeant Sanchez, there just was no details. There's just simply a belief. But on review, we're really not supposed to deal with credibility issues, are we? There is deference, Your Honor, but not when the evidence that presented is unreasonable or illogical. You're not required to affirm on those grounds. Again, the standard is proof beyond a reasonable doubt, and it has to be near certitude. And regardless of the defense witnesses, the state's case rested solely on Sergeant Sanchez's testimony, which was, again, just a belief. This belief, I'm sorry. The defense witnesses, though, one of them, if not both of them, at one time indicated that they changed their testimony as to where Williams lived. It seems to me that I read that at first they indicated that he may not have lived there, then they came back and said that he did. What was the testimony in reference to that point? I'm sorry, what was the last part of your question? What was the testimony in reference to that point? I'm trying to figure out, the judge did not believe the defense witnesses, or he thought that the officer was more credible. Perhaps he thought that because when the defense witnesses testified, one of them out of the two retracted their statement as to where Williams lived. Dwayne Billingsley didn't retract his testimony. The individual who actually lived there was consistent that he lived in this house. It was his mother's house. And Dwayne, Mr. Williams, lived with him from the time of the offense. Ebony Gunn testified at first that she wasn't sure, and then upon further thought, she said, well, I do believe that he lived there at some point with friends, but she wasn't exactly sure when. That doesn't contradict Mr. Billingsley's testimony, and obviously he lived there, so he would be even more credible on that point. Also, the way that the trial court found that the witnesses, the defense witnesses, were contradicting each other actually was untrue. His big problem was that Mr. Williams testified about two porches, that there was two porches at the place when he described the layout of the house. He found that he was the only witness who testified to that, but actually Ebony Gunn's testimony also spoke about two porches at this house. And in my argument about ineffective assistance of counsel, I pointed out that Mr. Williams' testimony was actually correct. It did, when you pull up on Google Maps, you can see that there actually was two porches, and it was just his failure. The defense counsel in this case, obviously, you said you've read the brief, so I don't want to repeat myself, but obviously there was so many instances where he completely failed to act as a true advocate whatsoever, and one of those would be his failure to investigate this case. Let's address that ineffective assistance of counsel argument. Why was Williams' counsel ineffective in your opinion? For several reasons, Your Honor. First would be a complete failure to object whatsoever, and especially in the face of blatant hearsay violations. A complete failure to protect his client's right to confront the witnesses against him. When Sergeant Sanchez testified about these other unnamed officers, it's hearsay. My client never had the opportunity to confront these other unnamed officers. Also, in Illinois, the law requires individuals to testify to information in their personal knowledge. He didn't object on those grounds, either. So what specifically was not within Officer Sanchez's personal knowledge, whatever it is? Where Mr. Weems lived. Mr. Weems' age. Were those material elements of the offense? Yes, Your Honor. They both, one of them was the aggravating factor that was material to two of the counts pending against my client. The other one, where Mr. Weems lives, affects every single count against him. You also maintain that that failure constitutes plain error? Yes, Your Honor. Why does it constitute plain error? Because the error was so egregious, and that affects every single count pending against my client. And the evidence then relied upon was so unreliable. And so it's just simply this belief. It's a rumor. There's just nothing to it. The failure to attack that is obviously ineffective in the sense of counsel, but also plain error, because there's just complete undermining the confidence in this verdict. You can't rely on this belief, and you can't look at a case where basically my client stood defenseless before the court of law. He basically didn't have an attorney representing him. Additionally, going back to the land abode business exception, in LaBashore, the Illinois Supreme Court said that the state cannot rely on conjecture or assumption to disprove that, which does affect every single count pending against my client. Here, Sanchez's belief was just that. It was a conjecture. It was assumption. And the state's response in its brief was also conjecture about what happened. It was assumption about what other witnesses it could have called at trial, and assumptions about what maybe those witnesses might have testified to. This is improper. And this court rejected that argument by the state in People v. Chominko, if I'm pronouncing it correctly. There, the court said the record was unclear on whether the defendant actually lived on the land where this occurred. And the state had its opportunity to meet its burden at trial, and it failed to do so. Counsel, I note that in counts four and six, Weems was charged with having, possessing a firearm on a public street. Is there any evidence in the record that would support that allegation that the record he allegedly possessed, or that he possessed that weapon on a public street? No, Your Honor. There is absolutely no evidence in the record that he was on a public street. And actually, the record established, and the state concedes now in its brief, that the record, the evidence at trial affirmably establishes he was on private property. Every witness, even the state's witnesses at trial testified that Weems was at, I believe the address was 11659 South Michigan Avenue. It was private property. So if the trial court found him not guilty of counts two and five, if there's no evidence that he possessed that weapon on a public street, that takes care of counts four and five. And if the trial court found Weems guilty of counts four and six, so is it your contention that the only counts before this court are counts one and three? I would agree with that, Your Honor. And also the failure to object or point out in some way post-trial directed verdict, anything would be another reason that I would contend defense counsel was ineffective for failing to at least acknowledge or realize that on the public street counts, his client shouldn't and couldn't be convicted. In closing, Your Honor, the Constitution requires the state to use competent and admissible evidence to meet its burden. So individuals are safeguarded from dubious and unjust convictions. The state failed to meet that requirement in this case. Sanchez's incompetent and admissible testimony was the only evidence the state presented to disprove the exception. Thus, the state failed to meet its burden of proof on all of the counts Weems was convicted of, and therefore his conviction must be reversed. And the alternative, under the plain error rule and the ineffective assistance of counsel arguments, this court can reverse remand for a new trial. Thank you. May it please the court, once again, I'm Assistant State's Attorney Stacia Weber on behalf of the people of the state of Illinois. Good morning. Addressing defendant's challenge to the sufficiency of the evidence, the correct review in a sufficiency of the evidence challenge is whether all of the evidence considered in the light most favorable to the people could support a finding of guilt. In this case, the evidence that was before the trial court was Sgt. Sanchez's testimony that defendant did not live at the address where he was arrested. That was not challenged at trial, was not objected to. And also, what defense counsel has not mentioned is that defendant's own testimony on direct examination was that he was at his friend's home. He didn't say that he had his apartment, he didn't say that he had the gun for self-defense. His position at trial was that it was somebody else's gun, and that he was there that night at his friend's house. Did Officer Sanchez have personal knowledge of Weems' address to counsel? Well, whether Officer Sanchez had personal knowledge of that is a challenge on the admissibility of the evidence. That's the hearsay challenge, the ineffective assistance of counsel challenge. For the sufficiency of the evidence, that testimony must be taken. Let's move to the incompetence of counsel. Did Officer Sanchez have personal knowledge of Weems' address? It's unknown whether he had personal knowledge of Weems' address because it was not objected to and there was no chance to lay further foundation. This was a completely reasonable position for defense counsel to take. It was consistent with his strategy that the gun was not his. Did he have personal knowledge of Weems' age? Again, that was not objected to, so the State could not lay further foundation to determine whether or not it was in his personal knowledge. So is it the State's position that with respect to Weems' address and age, the evidence in the record is not incompetent and it was not inadmissible? That's your position. I get it that they didn't object. No, our position is that it wasn't incompetent or admissible. The hearsay objection can only be reviewed if it falls under the plain error exception. To show this, there has to be a clear or obvious error. This was not a clear or obvious error. The hearsay challenge and the ineffective assistance of counsel challenge go hand in hand. You cannot look at the hearsay without determining counsel's trial strategy, which was that he didn't have the gun. It was consistent from opening statements, even through sentencing when defendant had a chance to speak in allocution and said, again, this wasn't my gun, this wasn't my gun. So in your position of the State, that Weems' counsel provided effective assistance? Absolutely. The defense that this wasn't his gun was his best trial strategy. And again, you must look at all of the evidence in the record. The State had turned over evidence in discovery. He had seen the arrest report, which had defendant's address. He had talked to defendant. He had seen the warrant, which listed defendant's address as the place of arrest. And he had prepped these witnesses. Certainly it would have been easier to establish that, yes, defendant did live there. But with the evidence that he had, he couldn't do that. And that wasn't the best trial strategy. The best strategy here was that he didn't have the gun, that there was a fight breaking out that defendant wasn't involved in. It was between Daryl Jones and Dwayne Billingsley. Defendant didn't have anything to do with it. So it's your position that it's unreasonable of Weems' counsel on appeal to argue that his trial counsel should have objected to that evidence? That's your position? Yes. And if you had been representing Weems, you would have permitted the State to introduce that evidence? Your Honor, it is perfectly acceptable trial strategy to stipulate to evidence that doesn't have anything to do with the defense that you are putting forward. You don't stipulate inadmissible evidence, counsel? You can to, if this was a bench trial, the defendant had the discovery. He knew where defendant lived. He knew where he lived. There was no reason to prolong this and offer an objection that wouldn't have made a difference. What document did defense counsel see? He saw the arrest report, which listed the State turned over. Was that mentioned in the testimony? It is in the common law record. He saw it? It was turned over to him. It's reasonable to presume that he saw it. An ineffective assistance of counsel review starts with the premise of competency. It doesn't start with the premise that defense counsel didn't review the discovery, didn't talk to the defendant, didn't talk to any of the defense witnesses. Yes. What he did at trial was perfectly reasonable. He went with his strongest defense. But it's not reasonable to admit incompetent inadmissible evidence. Proceed. Your Honor, if he had objected, the State would either have laid further foundation to establish that it was within his personal knowledge, or they would have called the other two officers, Officer Murphy or Officer Guzman, who booked defendant and prepared the arrest report. Defense counsel was there at trial that day. He knew the witnesses that the State had. Isn't it pure speculation and conjecture on what the other two officers would have testified to? We don't really know, do we? We know that they prepared the police report. We don't know what their testimony would have been, do we? You could presume that they would testify to the information in the police report. Again, Your Honor, this was his best strategy, and it was a completely reasonable strategy. And to look back and say, oh, well, that strategy clearly didn't work. He should have gone with something else. Defense counsel can put on inconsistent strategies, but it hurts defendant's credibility to say, this wasn't my gun, this was a plant, this gun belonged to Daryl Jones. Oh, but, by the way, if it was my gun, then I lived there, so it's okay. And defendants just have failed to show that he was prejudiced in this case. He testified that he was at his friend's house, so there's just no credible claim here that he would have prevailed had he made that objection. So, Your Honor, for these reasons and those, yes. Before you conclude, counsel, do you concede that there's no evidence in the record that Weems possessed that gun on a public street? Yes, Your Honor, but it's also our position that there was no sentence entered on that charge, and it cannot be appealed. Without a sentence, the conviction is not final and not appealable. You certainly read the reply brief. They maintain that they have a U.S. Supreme Court case, which maintains that we have a right to consider that evidence. Yes, Dixon said generally that that is the rule, that it's not appealable, and it's only revealable if there is going to be mischievous consequences. In Dixon, one of the defendant's convictions was vacated. Therefore, these unsentenced convictions may have resulted in him not serving the time. But in that case, since that time, it has been clarified that it can only be appealed when there is some sort of mischievous consequence. There's no consequence here to not being able to appeal those convictions. So in this case, he was convicted on the first count. Absent vacature of that count, the other counts are not reviewable.  So Sergeant Sanchez never had a conversation with the defendant. A face-to-face conversation. Is that correct? He said the defendant didn't make any statements. However, it's reasonable to presume that he didn't consider information given during booking to be statements. Those are not considered protected for your purposes of Miranda and right to counsel. So there is a case history that determines those statements made during booking not to be statements. It was reasonable for him not to consider that those were statements. Thank you. For these reasons and those contained in our brief, we ask that you affirm defendant's conviction for aggravated unlawful use of a weapon. Thank you. Just briefly, Your Honor, a couple of points. First of all, there was no evidence of any statements made during booking, so that's just not something in the record. It's not something that can be considered. The State argued that during Weems' testimony when he referred to Dwayne Billingsley's house as Dwayne Billingsley's home, this all, at the time of trial, the time that Mr. Weems testified, he no longer lived at that house. So it's completely reasonable that he would refer to it as his friend's house or Dwayne's home, because he no longer lived there, so he wouldn't call it my house or my home. The State argued that it was completely reasonable for defense counsel to take the position that he took, not objecting to anything, allowing in improper and unconstitutional evidence against his client. The courts have repeatedly instructed that sound trial strategy amounts to much more, and it includes using the rules of evidence to protect your client from a result based on inadmissible evidence. Of course, the defense counsel here did not use any of the rules of evidence. He didn't make any objections whatsoever. And also, notably, in McMillan and more, the courts condemned the cases where the prosecutor at trial took advantage of a weak defense attorney who was unable to hold the prosecutor in check, and the prosecutor was unwilling to voluntarily adhere to the rules of evidence and limit his own conduct. And that is what happened here. It's not something that should be allowed to stand, obviously, for the reasons that we've already discussed. Also, the record doesn't indicate that defense counsel's strategy was, as the State just argued. He questioned the two defense witnesses trying to establish that Weems lived at that house. So obviously, his strategy was to disprove the exception, although he failed at that. And one more point. In the case of People v. Dixon on the merged convictions issue, the holding is not based on whether there would be mischievous consequences. That court based its holding on Illinois Supreme Court Rule 615B, and that it was a single trial and all the convictions were from a series of separate but closely related acts. And as I discussed in my reply brief here, you can consider all of the convictions against Weems. Thank you. Let me take this opportunity to thank both sides for well-written briefs. It was a pleasure reading them, and your oral presentation was just as good. So now we'll take this matter under advisement.